UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

**OCTAVIO CLARK,**

    Debtor.

Case No.: 19-48387
Chapter: 7
Judge: MARIA L. OXHOLM

_____/

## OPINION AND ORDER DENYING DEBTOR'S EX PARTE MOTION TO REOPEN A CLOSED CASE TO FILE A MISSING PAPER PURSUANT TO L.B.R. 5010-1 AND GRANTING WAIVER OF THE FILING FEE

The matter is before the Court on Debtor's second Ex Parte Motion to Reopen a Closed Case to File a Missing Paper Pursuant to LBR 5010-1 ("Motion"). [ECF No. 16]. In this Motion, Debtor seeks to file a Certification of Completion of Instructional Course Concerning Personal Financial Management in a case closed without a discharge on September 10, 2019. [ECF No. 11]. On June 21, 2022, Debtor filed a similar motion and requested a waiver of the filing fee. [ECF No. 13]. On June 23, 2022, the Court denied the motion without prejudice for failure to articulate and meet the requirements of Federal Rule of Bankruptcy Procedure 1007(c). The Court granted the waiver of the filing fee. [ECF No. 15]. In addition to these rules, the Court's order cited to *In re Barrett*, 569 B.R. 687, 690 (E.D. Mich. 2017) (applying a four-party test to determine whether "cause" exists to reopen the case); *In re Logan*, No. 13-51751-MLO, 2021 WL 41326, at *1 (Bankr. E.D. Mich. Jan. 5, 2021); and *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (while the decision to reopen is discretionary with the court, Debtor bears the burden to establish cause). [ECF No. 15]. That same day, Debtor filed the current Motion.

1

In this Motion, Debtor again fails to cite to and analyze the requisite authority. Once more, Debtor merely relies on Local Bankruptcy Rule 5010-1. The local rule provides,

> **Rule 5010-1 Motion to Reopen a Bankruptcy Case**
> (a) A motion to reopen a closed bankruptcy case may be filed ex parte.
> (b) After a case is closed, a debtor seeking to file either a Certification About Financial Management Course or a Certification Regarding Domestic Support Obligations must first file a motion to reopen the case. When a case is reopened to permit a debtor to file a missing paper, the debtor must file the missing paper within 14 days after entry of the order reopening the case. If the missing paper is not timely filed, the case will be closed again.

L.B.R. 5010-1. This local rule simply provides that a debtor seeking to file a Certification About Financial Management Course after a case is closed, must first file a motion to reopen. The local rule does not address a debtor's burden or the standard the court must use in considering the debtor's request.

The relevant authority for such a request is Fed. R. Bankr. P. 1007(b)(7), (c) and 9006(b)(3). First, Fed. R. Bankr. P. 1007(b)(7) provides,

> **(3)** Unless the United States trustee has determined that the credit counseling requirement of § 109(h) does not apply in the district, an individual debtor **must** file a statement of compliance with the credit counseling requirement, prepared as prescribed by the appropriate Official Form which must include one of the following:
> **(A)** an attached certificate and debt repayment plan, if any, required by § 521(b);
> **(B)** a statement that the debtor has received the credit counseling briefing required by § 109(h)(1) but does not have the certificate required by § 521(b);
> **(C)** a certification under § 109(h)(3); or
> **(D)** a request for a determination by the court under § 109(h)(4).

Fed. R. Bankr. P. 1007(b)(7) (emphasis added).[1]

---

[1] 11 U.S.C. §109(h) states

> **(h)(1)** Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section other than paragraph (4) of this subsection, an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

Fed. R. Bankr. P. 1007(c) provides the relevant time limits. The rule provides in relevant part,

> . . . In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code, . . . . The court may, at any time and in its discretion, enlarge the time to file the statement required by subdivision (b)(7). . . . <u>Except as provided in § 1116(3), any extension of time to file schedules, statements, and other documents required under this rule **may be granted only on motion for cause shown and on notice to the United States trustee**, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct.</u> Notice of an extension shall be given to the United States trustee and to any committee, trustee, or other party as the court may direct.

Fed. R. Bankr. P. 1007(c) (emphasis added). Fed. R. Bankr. P. 9006, dealing with enlargements of time, further directs a debtor to the time limitations set forth in rule 1007(c). Specifically, subsection (b)(3) states,

> **(3) Enlargement governed by other rules**
> The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, only to the extent and under the conditions stated in those rules. In addition**, the court may enlarge the time to file the statement required under Rule 1007(b)(7),** and to file schedules and statements in a small business case under § 1116(3) of the Code, **only to the extent and under the conditions stated in Rule 1007(c).**

Fed. R. Bankr. P. 9006(c) (emphasis added).

Here, Debtor failed to address the required standard and therefore failed to meet his burden to establish "cause" under FRBP 1007(c). Debtor did not provide the Court with any authority that would allow him to ignore the relevant bankruptcy rules. And there is nothing in L.B.R. 5010-1 that allows the Court to ignore these bankruptcy rules.

Fed. R. Bankr. P. 9029 makes clear that local rules are subordinate to national rules,

---

*Id.*

3

> **(a) Local bankruptcy rules**
> **(1)** Each district court acting by a majority of its district judges may make and amend rules governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction which are consistent with--but not duplicative of--Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms. Rule 83 F.R.Civ.P. governs the procedure for making local rules. A district court may authorize the bankruptcy judges of the district, subject to any limitation or condition it may prescribe and the requirements of 83 F.R.Civ.P., to make and amend rules of practice and procedure which are consistent with--but not duplicative of--Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms. Local rules shall conform to any uniform numbering system prescribed by the Judicial Conference of the United States.

Fed. R. Bankr. P. 9029. The power and limitations of enacting local bankruptcy rules is succinctly summarized in *In re Healthcentral.com*, 504 F.3d 775, 784 (9th Cir. 2007),

> The rules associated with local bankruptcy rules are clear. As part of the Bankruptcy Code Congress delegated to the Supreme Court the power to make and enforce general bankruptcy rules. 28 U.S.C. § 2075.
> Pursuant to this authority, the Supreme Court promulgated Federal Rule of Bankruptcy Procedure 9029 ("Rule 9029"), which grants district courts the power to adopt their own local rules. *Brown v. Smith* (*In re Poole*), 222 F.3d 618, 621 (9th Cir.2000). Under Rule 9029, however, this power is strictly limited. 10 Collier on Bankruptcy ¶ 9029.01[1], 9029–2 (rev. 15th ed.2006.) Rule 9029 states a local bankruptcy rule must: (1) be consistent with the Acts of Congress and Federal Rules of Bankruptcy Procedure; (2) not be duplicative of the Acts of Congress or Federal Rules of Bankruptcy Procedure; and (3) not limit the use of Official Bankruptcy Forms. *Steinacher v. Rojas* (*In re Steinacher*), 283 B.R. 768, 772–73 (9th Cir.BAP2002).[3] If any of these limits are not observed, the local bankruptcy rule must be held invalid.

*Id.* at 784. See also *In re Morrissey*, 717 F.2d 100, 104 (3d Cir. 1983),

> Further, although the new rules quite properly allow each local court to adopt any local rules of practice and procedure it desires, such local rules are clearly subordinate to, and may not be inconsistent with, the national rules. Bankruptcy Rule 9029.
> Thus, neither the Judicial Conference nor the several district courts of the United States have the authority to propose and enact local bankruptcy rules that conflict with the new bankruptcy rules.

*Id.* at 104; *No v. Gorman*, 891 F.3d 138, 141 (4th Cir. 2018); and *In re Albright*, 554 B.R. 832, 834 (Bankr. N.D. Ohio 2016).

In denying the first motion without prejudice, the Court afforded Debtor another opportunity to address the requisite authority. Debtor failed to do so. Accordingly, for the foregoing reasons, Debtor's Motion is denied.

Additionally, neither Debtor's Motion nor his proposed order request a waiver of the reopening fee. However, Debtor selected a waiver of the reopening fee when docketing his Motion. The Court will grant the filing fee waiver.

IT IS HEREBY ORDERED that the Motion is DENIED for failure to articulate and meet the requirements of Fed. R. Bankr. P. 1007(c).

IT IS FURTHER ORDERED that the filing fee is waived.

**Signed on June 30, 2022**



/s/ Maria L. Oxholm
_____
**Maria L. Oxholm
United States Bankruptcy Judge**